Ernest BOONE, et al.

v.

Earl G. DuBOSE, et al.

Glynn McCRORY, et al.

v.

Earl G. DuBOSE, et al.

LIVINGTON PARISH POLICE
JURY, et al.

v.

ACADIANA SHIPYARD, et al.

Susan CAMPO

v.

Earl G. DuBOSE, et al.

Milton E. WINDHAM, Jr., et al.

v.

Earl G. DuBOSE, et al.

Charles R. CRESSIONNIE, Jr., et al.

v.

Earl G. DuBOSE, et al.

Joe C. DEAN, et al.

v.

Earl G. DuBOSE, et al.  (Two Cases)

Jeremiah J. NAYLOR, et al.

v.

Earl G. DuBOSE, et al.

Thomas BOUTWELL, et al.

v.

Earl G. DuBOSE, et al.

Tom SELF, et al.

v.

Earl DuBOSE, et al.

Civ. A. Nos. 86–548–B, 86–550–B, 86–551–
B, 86–694–B, 87–694–B, 87–695–B, 86–
549–B, 86–627–B, 87–1055–B, 88–195–B
and 88–480–B.

United States District Court,
M.D. Louisiana.

Aug. 11, 1988.

480

Raymond Charles Vinet, Robert Felton Monahan, Vinet & Monahan, Baton Rouge, La., Timothy G. Schafer, New Orleans, La., for Ernest Boone, et al., Susan Campo, et al., Jeremiah J. Naylor, et al., Thomas Boutwell, et al., Tom Self, et al.

Hobart O. Pardue, Jr., Springfield, La., for Glynn McCrory, et al.

Calvin F. Ayard, Jr., Denhan Springs, La., for Livingston Parish Police Jury, et al.

Richard P. Reina, Jeffrey P. LeBlanc, John B. King, Reina & LeBlanc, Denham Springs, La., for Milton E. Windham, Jr., et al., Joe C. Dean, et al.

Larry G. Starns, Denham Springs, La., for Charles R. Cressionnie, Sr., et al.

Glen M. Pilie, Adams & Reese, New Orleans, La., for Shell and Exxon.

Charles M. Steen, Robert E. Holden, Wm. Craig Wyman, Greg G. Guidry, Liskow & Lewis, New Orleans, La., for Avondale Shipyards, Inc. and Copolymer Rubber.

Paul O. Dicharry, Sam A. Le Blanc, III, Trial Atty., Glen M. Pilie, Adams & Reese, New Orleans, La., for Ciba–Geigy Corp., Reichhold Chemicals, Inc., BASF Wyandotte Corp., T.L. James & Co., Inc., Mobil Exploration and Producing Southeast, Inc., Shell Western E & P, Inc. and Louisiana Paving Co., Inc.

John R. Tharp, Trial Atty., James L. Ellis, Winston R. Day, Vicki M. Crochet, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Borden Chemical Co., Ethyl Corp., GSU, Louisiana Paving Co., Inc.,

T.L. James & Co., LPC, Amoco Oil Co. and Gulf States Utilities Co.

Samuel O. Buckley, III, Michael A. Chernekoff, Trial Attys., F. Blair Batson, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Browning Ferris, Chemical Services, Inc. and Browning Ferris Industries.

Charles S. McCowan, Jr., Leonard L. Kilgore, Trial Atty., Sandra L. Edwards, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for Georgia–Pacific, Union Carbide, Uniroyal Chem., Copolymer Rubber.

Homer Ed Barousse, Jr., Crowley, La., for Hansbrough Energy Systems.

Michael J. Maginnis, Frederick Campbell, Lisa J. Miley, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Guzzetta Oil.

William H. Edwards, Metairie, La., for Evans Cooperage Co.

## RULING ON MOTIONS TO REMAND

POLOZOLA, District Judge.

These consolidated suits [1] were originally filed in the Twenty–First Judicial District Court, Parish of Livingston, State of Louisiana against a number of defendants [2] alleging that the defendants either generated, transported or participated in the storage of toxic wastes at a waste site known as the "Combustion Inc." site. The plaintiffs seek damages as a result of the alleged escape of hazardous or toxic materials from the site.

Defendants timely removed the suits to this court [3] asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. After the suits were removed to federal court, the plaintiffs filed motions to remand [4] the suits to state court. Defendants strongly oppose the remand of these cases to state court. They argue that there are four grounds upon which federal question jurisdiction exists:

1. The complaints state claims for relief pursuant to causes of action created by federal law;

2. The state law causes of action asserted by plaintiffs require the construction, interpretation and/or application of federal law;

3. The complaints seek recovery of costs which are defined as "response costs" under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.; [5]

4. The court has federal question jurisdiction because the United States has been named as a third party defendant.

For reasons which follow, the court finds that these suits must be remanded to state court.

Article III of the United States Constitution gives the federal courts power to hear and determine cases "arising under" the Constitution and laws of the United States. However, this grant of power is not self-executing. [6] While the constitutional meaning of "arising under" may extend to all cases in which a federal question is "an ingredient" of the action, *Osborn v. Bank of the United States*, 9 Wheat 738, 22 U.S. 738, 6

---

1. These suits were originally filed as class actions. The court has not determined whether these actions may be filed as class actions or whether the plaintiffs and their counsel are proper representatives of the class.

2. The Livingston Parish Police Jury has been named as a plaintiff in some suits and a defendant in another.

3. These suits were removed pursuant to 28 U.S.C. § 1441(b) and/or 28 U.S.C. § 1441(c).

4. Motions to remand were filed in Civil Actions 86–548, 86–550, 86–551, 86–694, 87–694, 87–695. Although no motions to remand were filed in the other cases, it is clear that a federal court

has a right to question the court's subject matter jurisdiction. Therefore, the opinion will apply to all of the pending cases.

5. Defendants assert that the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") preempts state law for recovery of these costs and, therefore, any claim for recovery of these costs necessarily arises under federal law.

6. It was not until the Judiciary Act of 1875 that Congress gave federal courts general federal question jurisdiction.

L.Ed. 204 (1824), the statutory grant of federal question jurisdiction has long been construed as conferring a more limited power. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494–495, 103 S.Ct. 1962, 1971–1972, 76 L.Ed.2d 81 (1983).

When determining whether an action presents a federal question, the court must apply two tests. The court must first determine whether federal law creates the cause of action. If so, it is clear that federal question jurisdiction exists. However, if state law creates the cause of action, the court must determine whether the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 28 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

In determining whether the complaint presents a federal question, the court must examine the complaint in accordance with the "well-pleaded complaint" rule. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Under this rule, the court must determine whether a claim "arises under" federal law from what necessarily appears in the plaintiff's statement of claim set forth in the complaint. *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. at 9–10, 103 S.Ct. at 2846, 77 L.Ed.2d 420 (1983). "[T]he party who brings the suit is master to decide what law he will rely on." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). A defense that raises a federal question is insufficient to confer federal jurisdiction on the court. *Louisville & N.Ry. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

A defendant may remove a case from state court only if the claim could have originally been brought in federal court. 28 U.S.C. § 1441(b).

In *Merrell Dow* the United States Supreme Court stated that "[t]here is no single, precise definition" of the phrase "aris-ing under," rather it "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Id.*, 106 S.Ct. at 3232. However, the vast majority of cases that fall within "arising under" jurisdiction fit into the rule formulated by Justice Holmes that "[a] suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). Thus, a case "arises under" federal law when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd.*, 463 U.S. at 10–11, 103 S.Ct. at 2846–2847.[7] (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

Defendants argue that a court determining removal jurisdiction is empowered under the "artful pleading" doctrine to look beyond a plaintiff's characterization of his claim to determine if the complaint states a claim arising under federal law. The defendants contend that the complaints necessarily allege claims under the federal environmental statutes. More specifically, defendants maintain that plaintiffs are asserting claims under CERCLA, 42 U.S.C. § 9601 *et seq.*, for response costs incurred or to be incurred by them as a result of the alleged release or escape of hazardous substances into the environment from the Combustion Inc. site.[8] Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607, allows any person to recover from "responsible" persons any response costs incurred by them as a result of a release or escape of hazardous substances into the environment.

■ In *Franchise Tax Bd.*, the United States Supreme Court held that federal jurisdiction is present even though the plaintiff bases his claim in state court on state law when: (1) it appears that some sub-

---

**7.** *Gully v. First Nat'l Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97 (1936).

**8.** CERCLA was enacted in 1980 to "provide for liability, compensation, cleanup and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." *See* Preamble to P.L. 96–510, 42 U.S.C. § 9601 et seq.

stantial, disputed question of federal law is a necessary element of one of the well-pleaded claims; or, (2) it appears that plaintiff's claim "is really" one of federal law. 463 U.S. at 13, 103 S.Ct. at 2848. Therefore, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead a necessary federal question in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22, 103 S.Ct. at 2853. It follows that the federal courts will not allow a plaintiff to deny a defendant the right to proceed in a federal forum when the plaintiff's complaint contains a federal claim "artfully pled" as a state law claim. *Eitmann v. New Orleans Pub. Serv., Inc.*, 730 F.2d 359, 365 (5th Cir.) *cert. denied*, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984).[9]

■■■ Applying the Supreme Court's reasoning in *Franchise Tax Bd.* to the facts of this case, the court finds these suits do not "arise under" any federal statute. The court does not have subject matter jurisdiction simply because the plaintiffs could have asserted claims under various federal laws. Nor does the court obtain subject matter jurisdiction because plaintiffs state law claims may be defeated by a defense raised under federal law or the possible preemptive effect of federal law. *Beers v. North American Van Lines, Inc.*, 836 F.2d 910 (5th Cir.1988). The defendants rely on several cases which have applied the "artful pleading" doctrine to support their argument that the court has jurisdiction, including *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)[10] and *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).[11] However, these cases do not require a finding of federal jurisdiction under the facts of this case.

Unless applied with care and restraint, the artful pleading doctrine could effectively abrogate the rule that a plaintiff is the master of his complaint. The artful pleading doctrine has previously been applied in the context of § 301 of the LMRA, 29 U.S.C. § 185, because federal primacy is well established and all state law is displaced. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Whatever the ultimate limits of the artful pleading doctrine, this court is governed by the general rule that federal juris-

---

**9.** The Court in *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) distinguished the case before it from cases where the "real" nature of the claim is federal by referring to *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The complaint in Avco was filed in state court by an employer seeking to enjoin the union and its members from striking in violation of a "no-strike" clause in the collective bargaining agreement. Although the complaint did not invoke federal law, it was clear to the Court that the action "arose under" § 301 of the Labor Management Relations Act ("LMRA") because of the powerful preemptive force of § 301 which displaced any state cause of action for violation of a contract between an employer and a labor organization. *Franchise Tax Bd.*, 463 U.S. at 23, 103 S.Ct. at 2853. In contrast, the suit filed by the Franchise Tax Board did not "arise under" Employee Retirement Income Security Act ("ERISA") since that statute gave the state no right to seek the relief it pressed.

**10.** In *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the suit which had been removed from state court, tracked an earlier federal anti-trust action filed by the same plaintiff which had been dismissed for failure to state a claim upon which relief could be granted. The Court held that the claims had "sufficient federal character to support removal." *Id.* at 397 n. 2, 101 S.Ct. at 2427 n. 2.

**11.** *In re Carter*, 618 F.2d 1093 (5th Cir.1980) was originally filed in Georgia state court in 1972 against the Sheet Metal Workers' International Association and Local 85 of that labor organization. A default judgment rendered against International was ultimately reversed by the Georgia Supreme Court on the ground that International was not validly served. After proper service was made on International, International removed the suit to state court asserting jurisdiction pursuant to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401, 411, ("LMRDA"), and the LMRA 29 U.S.C. § 185. After a jury returned a verdict in favor of the plaintiff, the defendants, who had initially sought removal, moved to have the judgment vacated and the suit remanded for lack of subject matter jurisdiction. On a petition for writ of mandamus and/or prohibition, the Court of Appeals held that the district court had jurisdiction over the LMRDA claim and vacated the remand order.

diction will not be found when the complaint states a prima facie claim under state law. *Id.*

The facts and circumstances of the suits pending before this court are clearly distinguishable from those in *Moitie.* As noted earlier, the plaintiff in *Moitie* initially filed a suit which was based on federal law. After the suit was dismissed, the plaintiff sought to reassert these claims under state law. The *Carter* case involved a labor case in which a remand was sought by the removing party after it lost at the trial on the merits.[12] The Combustion Inc. plaintiffs have consistently sought to litigate state claims in state court and have apparently foregone their federal remedies to pursue any available relief in state court.

However, a non-federal cause of action may still "arise under" federal law "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. 2846. In such instances, the Supreme Court has emphasized that the federal issue raised must really be substantial.

In the instant cases, defendants contend that the claims set forth in the complaints "arise under" or raise substantial issues requiring the construction of federal environmental laws and regulations. Defendants further contend that the determination of their liability in plaintiffs' state law cause of action requires a resolution of the "substantial" issue of defendants' compliance with federal laws and regulations which regulate the duties of owners and operators of hazardous waste facilities and duties of generators and transporters of hazardous waste and materials. These contentions are without merit. As in *Merrell Dow*, a resolution of the issue of defendants' violation of federal law does not necessarily dispose of the liability issues

because any violation may only create a rebuttal presumption of negligence. The court in *Merrell Dow* found that the congressional determination not to provide a private cause of action under the federal statute constituted "a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." 106 S.Ct. at 3226.

The defendants assert that all of the federal statutes upon which plaintiffs must rely in this case as "essential elements" of their causes of action contain provisions for private causes of action to enforce the statutes. These statutes include: the Resource Conservation and Recovery Act, § 7002, 42 U.S.C. § 6972; Clean Water Act, § 505, 33 U.S. § 1365; Clean Air Act, § 304, 42 U.S.C. § 7604; Toxic Substance Control Act, § 20, 15 U.S.C. § 2619; Safe Drinking Water Act, § 1449, 42 U.S.C. § 300j–8. However, defendants concede that these acts do not permit a private right of action for the recovery of compensatory damages. See *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). It is also clear that Congress has preserved in these statutes the rights of the states to legislate in these areas and the rights of individuals to pursue state remedies. See 42 U.S.C. §§ 6929, 6972(f); 33 U.S.C. § 1365(e); 15 U.S.C. § 2617; 42 U.S.C. § 9612(e); 42 U.S.C. §§ 7459, 7604; and 42 U.S.C. § 300g–3(e). The court does not believe the statutes or the legislative history support removal jurisdiction under *Dow*.[13]

However, defendants also contend that the claims asserted by plaintiffs "arises under" federal law because the plaintiffs seek recovery of damages which have been preempted by CERCLA as "re-

---

**12.** The Combustion, Inc. suits are also distinguishable from a similar suit currently before this court, in Allen v. Agrico, C.A. 86–360–B, in which a motion to remand was denied because the plaintiffs had clearly chosen to plead federal claims. *Powers v. S. Cent. United Food & Commercial Workers Unions*, 719 F.2d 760, 766 (5th Cir.1983).

**13.** The Fifth Circuit Court of Appeals has recently analyzed the provisions of CERCLA and RCRA, including the liability of various entities and the remedies available under the Acts. *Tanglewood East Homeowners v. Charles–Thomas, Inc.*, 849 F.2d 1568 (5th Cir.1988).

sponse costs". Defendants argue that the preemptive force of CERCLA is so powerful that it preempts any cause of action allowed under state law. Therefore, defendants contend any claim for recovery of these costs is necessarily stated under federal law. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The court disagrees with defendants' argument.

In order for the defendants to prevail on their counterclaim they must establish that CERCLA does indeed preempt state law in this area. However, defendants have cited no cases which have held that CERCLA preempts state law claims for the recovery of cleanup costs. Defendants rely on *Exxon Corp. v. Hunt,* 475 U.S. 355, 106 S.Ct. 1103, 89 L.Ed.2d 364 (1986) wherein the Supreme Court held that a New Jersey tax law was preempted by section 114(c) [14] of the act insofar as the tax fund was intended to pay for the same type of expenses that might be paid by the Superfund. The Fifth Circuit has set forth guidelines for determining whether federal law preempts state law in *Texas Employers' Ins. Assn v. Jackson,* 820 F.2d 1406 (5th Cir.1987) *rehearing granted,* 828 F.2d 1 (1987) wherein the court stated:

Federal law will be found to preempt state law in three different instances. First, Congress may explicitly express its intent to preempt state law. Second, Congress' intent to displace state law may be inferred, generally through the comprehensiveness or pervasiveness of the federal regulatory scheme. Finally even where Congress has not entirely displaced state law, federal law will nevertheless preempt state law when state law conflicts with federal law, or when state law interferes with the accomplishment and execution of the congressional purpose.

*Id.* at 1411.

The Supreme Court in *Exxon* held that § 114(c) was an express preemption clause which precluded states from imposing taxes for the same purposes provided for by CERCLA. However, it is clear from the legislative history that the preemption provision of § 114(c) was to be narrow in scope and limited to the particular purpose of preventing double taxation on the petrochemical industries. *Exxon, supra* at 1119.

Subsequent to the *Exxon* decision, Congress enacted the Superfund Amendments and Reauthorization Act of 1986, P.L. 99–499, Oct. 17, 1986. Under this Act, § 114(c) of CERCLA, which was relied on by the court in *Exxon,* was stricken and substituted with a provision relating to recycled oil. The legislative history indicates that the section was struck because it had been "interpreted by some to constitute a total elimination of state authority in the[e] area." H.R.Rep. No. 253(I), 99th Cong. Sess., reprinted in 1986 U.S.Code Cong. & Ad.News 2835, 2865.

It is also important to note that CERCLA provides at 42 U.S.C. § 9614(a):

Nothing in this Act shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State.

Section 9614(b) also provides:

Any person who receives compensation for removal costs or damages or claims pursuant to this Act shall be precluded from recovering compensation for the same removal costs or damages or claims pursuant to any other State or Federal law. Any person who receives compensation for removal costs or damages or

---

**14.** Section 114(c) of CERCLA, 42 U.S.C. § 9614 provided that:

Except as provided in this chapter, no person may be required to contribute to any fund, the purpose of which is to pay compensation for claims for any costs of responses or damages or claims which may be compensated under this subchapter. Nothing in this section shall preclude any State from using general revenues for such a fund, or from imposing a tax or fee upon any person or upon any substance in order to finance the purchase or prepositioning of hazardous substance response equipment or other preparations for the response to a release of hazardous substances which affects such State.

claims pursuant to any other Federal or State law shall be precluded from receiving compensation for the same removal costs or damages or claims as provided in this Act.

The court need not determine at this time whether the provisions of CERCLA as amended by the Superfund amendments preempt any of the claims asserted by plaintiffs in their complaints. The Supreme Court in *Caterpillar, Inc.*, 107 S.Ct. at 2429 held that it is "settled law" that a federal defense to a state law cause of action, including the defense of preemption, is insufficient to establish federal question jurisdiction under the well pleaded complaint rule. Unless congress unmistakably manifests an intent to make a cause of action removable to federal court, a defense of federal preemption is insufficient to create federal subject matter jurisdiction. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 66–68, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987). After a careful reading of the statutory language and legislative history of the acts relied upon in this case the court concludes that Congress did not expressly or inferentially intend for federal law to be preemptive when it enacted CERCLA and the amendments thereto.

■ Defendants further contend that the presence of the United States as a third party defendant in these cases is sufficient to create federal jurisdiction.[15] However, this argument was previously rejected in *Harold J. Savoie v. Big Diamond Truck Serv.*, C.A. No. 86–1923LC (W.D.La.1987) wherein the court stated:

*Smith*, however, does not support defendants' assertions. As the court therein noted, the right of removal is determined by the pleadings as they stand when the petition for removal is filed. 795 F.2d at 485, citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); C. Wright, Law of Federal Courts, note 2, 38, at 215.

The court noted an exception to this rule when, as in the City of Picayune case:

... at the time of trial or judgment the controversy is one over which the federal court would have had original jurisdiction, a removing defendant is estopped from protesting that there was no right to remove as an initial matter. (citations and footnotes omitted), *Id.* at 485. In no manner can the plaintiffs, who have filed a timely motion to remand, be considered estopped from asserting a lack of subject matter jurisdiction under the holding of the above case.

The plaintiffs in these cases have filed a timely motion to remand, thereby preserving their right to object to an improper removal upon appeal. Thus, the narrow exception[16] created by *Finn, supra* and reaffirmed in *Grubbs v. Gen. Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972), is simply not applicable under the facts of these cases.

It is also well established that removability cannot be created by a defendant who files a counter-claim which presents a federal question. *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661 (7th Cir.1986); *Takeda v. Northwestern Nat'l Life Insurance Co.*, 765 F.2d 815, 822 (9th Cir.1985); *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975), aff'd on other grounds sub nom.; *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). It is also clear that the defendants may not establish federal jurisdiction by filing a third party demand against the United States after the suits were removed to this court.

■ The United States has filed a motion to dismiss the third party demand filed against it by the defendants. The United States contends that because the court did not have subject matter jurisdiction over the case when it was removed, any post

---

**15.** Defendants rely on *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986); *IMFC Prof. Serv. v. Latin Am. Home Health, Inc.*, 676 F.2d 152 (5th Cir.1982) and *Carl Heck Eng'r, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980).

**16.** This exception estops a plaintiff from objecting to an improper removal for the first time on appeal if at the time of judgment the controversy was one which the district court would have had original jurisdiction.

removal activity, including the filing of a third party action, must be deemed a nullity. *City of Alma v. Bell, Galyardt & Wells, Inc.*, 606 F.Supp. 686 (D.Neb.1985).

The court finds that the United States has been properly impleaded as a third party defendant in accordance with Rule 14 of the Federal Rules of Civil Procedure prior to plaintiffs' motion to remand. The third party complaints seek indemnity and contribution and were filed pursuant to the Federal Tort Claims Act 28 U.S.C. §§ 2671–2680 and CERCLA. Removal is effected by filing the petition and bond for removal in federal court, and giving prompt written notice to all adverse parties. 28 U.S.C. § 1446(e). The Federal Rules of Civil Procedure are applied to a removed case and the case is treated as though it had been commenced originally in federal court. 14A Wright & Miller, Federal Practice and Procedure 3738 (1985). Once the removal procedures are completed, the state court is completely divested of jurisdiction. *Id.* at 3738. It is also clear that where a remand to state court is based on want of jurisdiction on the part of the federal court, it is for the state court to determine what effect shall be given to pleadings filed prior to remand. *Ayers v. Wiswall*, 112 U.S. 187, 5 S.Ct. 90, 28 L.Ed. 693 (1884); *New England Explosives Corp. v. Maine Ledge Blasting Spec., Inc.*, 542 F.Supp. 1343, 1344 (D.Maine 1982); *Armentor v. Gen. Motors Corp.*, 399 So.2d 811, 812 (La.App. 3 Cir.1981). Therefore, the United States' motion to dismiss is denied without prejudice.

The court realizes that as soon as these suits are remanded to state court there is a strong probability that the United States will remove this case to federal court, as was done in *Big Diamond, supra*.[17] However, unless and until the Congress remedies this problem by amending the removal statute, the court must order a remand under the current law.[18] Therefore, while the court finds that its order remanding these suits will cause a substantial waste of legal and judicial time and resources, the court is bound to follow the jurisprudence and exercise subject matter jurisdiction in a case only where it may constitutionally do so.

Therefore:

IT IS ORDERED that the motion of the United States to dismiss be and it is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that the motions of the plaintiffs to remand to the Twenty–First Judicial District Court for the Parish of Livingston, State of Louisiana be and is hereby GRANTED.

IT IS FURTHER ORDERED that in those cases in which a motion to remand was not filed, the court shall remand the cases to the Twenty–First Judicial District Court for the Parish of Livingston, State of Louisiana.

Judgment shall be entered accordingly.

---

**17.** During oral argument the United States advised the court of its intent to immediately remove the suits to federal court if the suits were remanded to state court.

**18.** The court finds 28 U.S.C. § 1441(e) is not applicable to the controversy now before it.

While the United States is now a proper party before the court, this alone does not confer subject matter jurisdiction because the United States was not the removing party. *See IMFC Prof. Serv. v. Latin Am. Home Health, Inc.*, 676 F.2d 152 (5th Cir.1982).