Peter A. Feringa, Jr., Robert S. Rooth, John F. Olinde, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., William C. Rowe, Jr., William C. Kaufman, Seale, Smith, Zuber & Barnette, Baton Rouge, La., John R. Schupp, Thomas K. Wetzel, New Orleans, La., Charles S. McCowan, Jr., G. William Jarman, Neil D. Sweeney, David K. Nelson, Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Baton Rouge, La., for Exxon.

William C. Rowe, Jr., William C. Kaufman, Baton Rouge, La., Peter Feringa, Jr., Robert S. Rooth, John F. Olinde, New Orleans, La., for Placid, Emmanuel, Dudley.

Allen Myles, Myles and Myles, Plaquemine, La., for plaintiffs.

**Lillie GRIMES, et al.**

v.

**PLACID REFINING COMPANY, et al.**

**Civ. A. No. 90–641–B.**

United States District Court,
M.D. Louisiana.

Nov. 19, 1990.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

The issue before the Court is whether the Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

On June 25, 1990, plaintiffs filed this action in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, against Placid Refining Company (Placid), Exxon Company, USA (Exxon), Dale A. Emmanuel (Emmanuel) and Dudley Callahan (Callahan). The original petition sought damages allegedly caused by various harmful emissions from the Placid refinery. Plaintiffs base their

---

claim for recovery on several causes of action under state law: negligence, negligence per se, gross negligence, strict liability, nuisance, trespass, products liability, battery, and intentional infliction of mental and emotional distress and injury. Plaintiffs seek compensatory damages, punitive damages, and injunctive relief.

The defendants timely removed the action to this Court on July 11, 1990. Defendants claim that jurisdiction is based both on diversity (28 U.S.C. § 1332) and federal question (28 U.S.C. § 1331) jurisdiction. This matter is currently before the Court on plaintiffs' motion to remand.

### I. Does the Court have jurisdiction under 28 U.S.C. § 1332?

Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1332 because the claim against Exxon, whose domicile and principal place of business is in a state other than Louisiana, is separate and independent from the other claims.

Defendants' allegation of diversity jurisdiction is based on 28 U.S.C. § 1441(c), which states:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Defendants first argue that the claims against Exxon are removable because Exxon is diverse from all plaintiffs. Exxon is incorporated under the laws of New Jersey and has its principal place of business in New York. All of the plaintiffs are Louisiana residents. Defendants also argue that the claims against Exxon are "separate and

independent" from the claims against Placid. Therefore, under § 1441(c), the claims against Placid are also removable even though they are not diverse.

Although the Court finds these arguments unpersuasive, the Court need not resolve the issue at this time. On September 18, 1990, plaintiffs' claims against Exxon were dismissed. Thus, there is no ground for diversity jurisdiction in this case.

### II. Does the Court have Federal Question Jurisdiction under 28 U.S.C. § 1331?

Defendants also claim that jurisdiction is proper in this Court based on the provisions of 28 U.S.C. § 1331, which provide for jurisdiction in federal court over "civil actions arising under the Constitution, laws, or treaties of the United States." Defendants contend that the plaintiffs, in their original petition for damages, allege the violation of various federal environmental regulations. Defendants claim that the resolution of these claims requires the interpretation and construction of various laws of the United States, which gives the Court subject matter jurisdiction under § 1331.

The issues raised by the defendant were previously decided by this Court in *Boone v. DuBose*, 718 F.Supp. 479 (M.D.La.1988). In *Boone*, the Court remanded an action to state court despite the fact that the plaintiffs alleged that the defendants violated certain environmental statutes.[1] The Court, when remanding the case to state court, stated:

> [A] resolution of the issue of defendants' violation of federal law does not necessarily dispose of the liability issues because any violation may only create a rebut[table] presumption of negligence.... The court does not believe

---

**1.** The defendants in *Boone* alleged, among others, the following grounds for federal question jurisdiction:

   1. The complaints state claims for relief pursuant to causes of action created by federal law;

   2. The state law causes of action asserted by plaintiffs require the construction, interpretation and/or application of federal law;

   3. The complaints seek recovery of costs which are defined as "response costs" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* 718 F.Supp. at 481.

that the statutes or the legislative history support removal jurisdiction.[2]

Under *Boone*, this case must also be remanded. The plaintiffs' alleged violations of federal law only to show that defendants breached their duty of care and are, therefore, liable under *state law*. The resolution of the alleged violations of federal law is not necessarily dispositive of this case. The defendants may be liable under state law even if they did not violate the federal regulations.

Defendants attempt to distinguish *Boone* by arguing that "[s]ince the *Boone* petitioners did not seek injunctive relief, the court did not address their right to injunctive relief and did not decide whether federal jurisdiction could have been based on such allegations."[3] Defendants contend that the result in *Boone* was based on the fact that plaintiffs sought only compensatory damage, whereas the plaintiffs in this action seek injunctive relief, which may be sought under the Citizens suit provision of the Clean Air Act (42 U.S.C. § 7604). Thus, defendants argue that since this action could be deemed to have arisen under the Clean Air Act, jurisdiction is proper under § 1331.

The Court is not persuaded by this argument. As this Court stated in *Boone*: "The court does not have subject matter jurisdiction simply because the plaintiff could have asserted claims under various federal laws."[4] The plaintiffs in this case base their actions on various state law causes of action. The only purpose of the allegations of federal law violations is to show that defendants breached their duty of reasonable care and are liable under *state law*. Thus, this case is directly on point with *Boone v. DuBose*, supra, and, as in *Boone*, this action should be remanded to the state court.

Therefore:

IT IS ORDERED that the motion of the plaintiffs to remand this case be and it is hereby GRANTED.

IT IS FURTHER ORDERED that judgment be entered remanding this case to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

----

**2.** 718 F.Supp. at 484.

**3.** Memorandum in Opposition to Motion for Remand, p. 27.

**4.** 718 F.Supp. at 483 (emphasis added).