Diana COLLINS,

v.

AAA RENT ALL, INC. et al.

Civ. A. No. 92-548-B.

United States District Court,
M.D. Louisiana.

Jan. 7, 1993.

Joseph Charles Possa, Tyler & Possa, APLC, Baton Rouge, LA, for plaintiff.

Howard Bruce Kaplan, Albert C. Miranda, Bernard, Cassisa, Saporito & Elliott, Metairie, LA, for defendants.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

Plaintiff initially filed this suit against George Hawkins and AAA Rent All Company in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, seeking damages pursuant to La.Civil Code article 2315 for injuries sustained by plaintiff in an automobile accident. The plaintiff alleged that the accident was caused by the negligence of George Hawkins, who allegedly was acting within the course and scope of his employment with AAA Rent All Company at the time of the accident. Plaintiff also sued Charter Risk Retention Company, the insurer for George Hawkins and AAA Rent All Company (Charter), pursuant to the Louisiana Direct Action Statute, La.Revised Statute 22:655.

Charter timely removed the suit to this Court. It contends this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Charter is a risk retention group formed under and governed by 15 U.S.C. § 3901, *et seq.* Charter claims that 15 U.S.C. § 3901, *et seq.* preempts La.R.S. 22:655, thereby giving this Court subject matter jurisdiction under § 1331.

After the suit was removed, the plaintiff filed this motion to remand alleging this Court lacks subject matter jurisdiction over this matter. Plaintiff also seeks attorney's fees and costs from Charter for the improper removal of this suit. Charter has filed an opposition to plaintiff's motion to remand. The Court finds plaintiff's motion to remand should be granted.

On this motion to remand, defendants have the burden of proving that removal was proper and that this court has subject matter jurisdiction.[1]

In determining whether a federal question exists in this case, the Court must apply two tests. First, the Court must determine whether federal law created the cause of action involved herein. If so, a federal question exists. However, if the Court determines that state law, and not federal law created the cause of action, the Court must then determine whether plaintiff's complaint necessarily depends on resolution of a substantial question of federal law.[2]

In deciding whether these tests are satisfied, the Court must follow the "well-pleaded complaint" rule.[3] Under this rule, the Court must decide whether a claim arises under federal law from what necessarily appears in the plaintiff's statement of claim set forth in the complaint.[4] The party who brings the suit is master to decide what law he will rely on to support his claim.[5] However, it is an independent corollary of the well-pleaded complaint rule that plaintiff may not defeat removal by omitting to plead a necessary federal question in a complaint.[6] Thus, federal ques-

1. *Wilson v. Republic Iron and Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *State v. Fedders Corp.,* 524 F.Supp. 552 (M.D.La.1981).

2. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Boone v. Dubose,* 718 F.Supp. 479 (M.D.La.1988).

3. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Boone,* 718 F.Supp. at 482.

4. *Franchise Tax Bd.,* 463 U.S. at 9–10, 103 S.Ct. at 2846; *Boone,* 718 F.Supp. at 482.

5. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *Boone,* 718 F.Supp. at 482.

6. *Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2853; *Boone,* 718 F.Supp. at 483.

**644**

tion jurisdiction is present even though the plaintiff bases his claim on state law when: (1) it appears that plaintiff's claim is really one of federal law; or (2) it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded claims.[7]

Plaintiff asserts in her state court petition that her claim against the defendants arises under La.Civil Code article 2315. Since Charter removed the suit to this Court, it must carry the burden of proving that plaintiff's cause of action is created by federal law or involves a substantial question of federal law.

■ At least one circuit court and one district court have found that 15 U.S.C. § 3901, *et seq.* does not create a federal cause of action.[8] Although 15 U.S.C. § 3901, *et seq.* exempts risk retention groups from certain state regulations, it does not expressly or impliedly preempt La.Revised Statute 22:655 which permits a plaintiff to directly sue the insurer of the defendant. Since plaintiff's cause of action arises under state law and does not involve a question of federal law, this Court lacks federal question jurisdiction in this case. Since the Court does not have subject matter jurisdiction, plaintiff's motion to remand this suit to state court must be granted. The Court also finds that plaintiff's motion for costs and attorney's fee for improper removal should be denied.

Therefore:

IT IS ORDERED that plaintiff's motion to remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees and costs for improper removal be and it is hereby DENIED.

IT IS FURTHER ORDERED that judgment shall be entered remanding this suit to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.

---

7. *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848; *Boone,* 718 F.Supp. at 482–83.

8. *Dillon v. Combs,* 895 F.2d 1175 (7th Cir.1990). "A federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule. . . . Section 1331 does not furnish it." 895 F.2d at 1177; *Scales v. Memorial Medical Center of Jacksonville,* 690 F.Supp. 1002 (M.D.Fla.1988). After concluding that this was neither an express or implied cause of action under the Act, the Court stated:

Although "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced", *id.* at 809 n. 6, 106 S.Ct. at 3233 n. 6,

plaintiffs' memorandum appears to raise a theory based on "arising under" jurisdiction other than an implied remedy. To the extent that plaintiffs argue that the presence of federal issues in the underlying action should confer federal jurisdiction, "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. at 3235 (footnote omitted). 690 F.Supp. at 1007–1008.