Charles PINSONAT,

v.

JE MERIT CONSTRUCTORS, INC., and Hilman Richard.

Civil Action No. 95-1897-B.

United States District Court, M.D. Louisiana.

July 11, 1996.

Dan Michael Scheuermann, Fieldstone House Law Offices, Baton Rouge, for Plaintiff.

James Duncan Morgan, Timothy H. Scott, Fisher & Phillips, New Orleans, for Defendants.

### RULING ON THE PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on the plaintiff's motion to remand. For the reasons given below, the plaintiff's motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY

Charles Pinsonat originally filed this lawsuit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, to recover damages based on the following causes of action: (1) age and disability discrimination; (2) intentional infliction of emotional distress; and (3) defamation and tortious injury. Named as defendants were JE Merit Constructors, Inc. ("JE Merit"), the plaintiff's employer, and Hilman Richard

("Richard"), JE Merit's site superintendent on the date the plaintiff was terminated.

The defendants timely removed this action based on the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and then filed a motion to dismiss Richard pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff, a Louisiana resident, filed a motion to remand on the basis that complete diversity does not exist since Richard is also a citizen of Louisiana. The defendants maintain that removal was proper because Richard was fraudulently joined solely to defeat the Court's subject matter jurisdiction under section 1332.

## FRAUDULENT JOINDER

 Under Fifth Circuit law, the removing party bears the heavy burden of demonstrating fraudulent joinder and that the district court has subject matter jurisdiction to hear the claim.[1] Although it is not within the Court's province to attempt to resolve factual disputes regarding matters of substance,[2] the Court is empowered to "pierce the pleadings" to determine whether the non-removing party has a legitimate claim against the non-diverse party under governing state law.[3] In addition, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the Court is authorized to consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to remand.[4] The standard is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."[5]

Therefore, the Court must first determine whether the plaintiff has stated a valid cause of action against Richard such that Richard could possibly be held liable for the plaintiff's injuries under Louisiana law. If the Court determines Richard could possibly be held liable under Louisiana, remand would be proper since complete diversity of citizenship would be destroyed.

## AGE AND DISABILITY DISCRIMINATION [6]

 The plaintiff alleges that the defendants engaged in discriminatory conduct against him on the basis of his age and disability in violation of Louisiana Revised Statutes 23:972 and 23:1006 respectively. The defendants argue that Pinsonat has no possibility of recovery against Richard because Richard is not an "employer" as defined under either statute.

Louisiana Revised Statutes 23:971(1) defines "employer" for purposes of age discrimination in employment as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or receding calendar year. The term also means any agent of such person...."[7] Similarly, for purposes of disability discrimination, Louisiana Revised Statutes 23:1006(A)(1) defines "employer" as "a person, association, legal or com-

1. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Collins v. AAA Rent All, Inc.*, 812 F.Supp. 642, 643 (M.D.La.1993).

2. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 n. 14 (5th Cir.1981).

3. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992).

4. *Carriere*, 893 F.2d at 100; *B., Inc.*, 663 F.2d at 549 n. 9.

5. *Carriere*, 893 F.2d at 100. Stated another way, there is no fraudulent joinder if there is arguably a reasonable basis for predicting that a Louisiana state court might impose liability on the non-diverse defendant under the facts of the case. *Jernigan*, 989 F.2d at 816.

6. Although this action was brought under the Louisiana Age Discrimination in Employment Act ("ADEA"), the Court is authorized by the Fifth Circuit to consider cases interpreting the federal ADEA since Louisiana's statute was patterned after its federal counterpart. *See Deloach v. Delchamps, Inc.*, 897 F.2d 815, 818 (5th Cir. 1990).

7. LA. REV. STAT. ANN § 23:971(1) (West 1985).

mercial entity ... who employs more than fifteen employees." [8]

The plaintiff's claim for disability discrimination against Richard personally is without merit since the plaintiff does not allege nor did he introduce any evidence which suggests that Richard employs twenty, fifteen or even one employee. Thus, a plain reading of 23:1006(A)(1) reveals that Richard cannot be held liable individually for the acts of disability discrimination alleged by the plaintiff because Richard simply is not an "employer" as defined under that statute.

Although 23:971(1) defines "employer" to include "any agent of such person[,]" the Fifth Circuit noted in *Grant v. Lone Star Co.* that incorporation of the term "any agent" into the definition of "employer" was intended to create vicarious liability (or *respondeat superior*), not cause supervisory employees to be treated as "employers." [9] Thus, the Court finds that the plaintiff's suit against Richard as an agent of JE Merit is actually a suit against the employer itself and not one in which Richard can be held personally liable to the plaintiff under 23:971, the Court concludes that Richard was fraudulently joined in the age discrimination cause of action to defeat diversity. [10]

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In order to maintain a cause of action for the intentional infliction of emotional distress under Louisiana Civil Code article 2315, the Louisiana Supreme Court has held that:

a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. [11]

The plaintiff has failed to meet the standard enunciated in *White*. The alleged action taken by Richard does not even approach the level of "extreme and outrageous" conduct necessary to maintain an action for the intentional infliction of emotional distress. The *White* court itself stated that "disciplinary action ... is not ordinarily actionable. Recognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." [12] In addition, there are no allegation and more importantly no evidence that Richard desired to bring about the plaintiff's emotional suffering or was substantially certain that such injury would occur. Thus, for purposes of this motion to remand, the Court finds that Richard could not possibly be held liable under Louisiana law for intentional infliction of emotional distress.

## DEFAMATION

In order to maintain a cause of action for defamation under Louisiana law, a plaintiff must prove: (1) defamatory words; (2) publication (communication to some person other than the one defamed); (3) falsity, (4) malice, actual or implied; and (5) resulting injury. [13]

The Petition alleges that Richard made the following statement to the plaintiff on the date the plaintiff was discharged: "We can't work you like this any more. We've gone as far as we can. We'll have to

---

**8.** La. Rev. Stat. Ann. § 23:1006(A)(1) (West 1985).

**9.** 21 F.3d 649, 652 (5th Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994). *See also Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587–88 (9th Cir.), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

**10.** *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (cited with approval by the Fifth Circuit in *Grant*). *See also Desormeaux v. Wackenhut Servs., Inc.,* No. 93–4049, 1994 WL 586432 (E.D.La. Aug.18, 1994).

**11.** *White v. Monsanto Co.,* 585 So.2d 1205, 1209 (La.1991).

**12.** *White,* 585 So.2d at 1210.

**13.** *Cangelosi v. Schwegmann Bros. Giant Super Markets,* 390 So.2d 196, 198 (La.1980).

cut you loose. Go to the office Tuesday." [14] In contrast, the Petition states that another employee, Charles Chustz, made "false innuendos and remarks directed against [the plaintiff]" and caused the latter to "suffer[ ] humiliation and embarrassment." [15]

There are no allegations or specific references to defamatory remarks by Richard, and there are no allegations of publication,[16] falsity or malice. Again, the plaintiff submitted no evidence to support this cause of action, and thus the plaintiff's claim of defamation against Richard is without merit.

## TORTIOUS INJURY

■ Finally, the plaintiff alleges an intentional tort cause of action under Louisiana Civil Code article 2315. In *Bazley v. Tortorich*,[17] the Louisiana Supreme Court stated that an act is considered intentional whenever it is shown that the defendant either "consciously desired" the physical results of his conduct or was "substantially certain" that those physical results would follow from his actions.[18]

In short, the plaintiff has done nothing more than simply allege that Richard committed an intentional tort. In addition, he has failed to introduce any evidence in support of his motion to remand which indicates that Richard was at least substantially certain that the plaintiff would be injured.[19] It is well-established that use of the word "intentional" is not a talisman that can change the plaintiff's allegations into a valid inten-

tional tort cause of action.[20] The plaintiff's mere assertions of intentional acts are insufficient to establish an intentional tort against Richard under Louisiana law.

## CONCLUSION

Although the plaintiff argues that he set forth a negligence cause of action under Article 2315, the Court is unable to find where such a claim was stated in the Petition. Nevertheless, assuming *arguendo* that such a cause of action was alleged in the Petition, there is no evidence in the record to support this claim.

In sum, the Court determines that the plaintiffs have no possibility of recovery against Richard under any of the theories advanced. Thus, the defendant's removal was proper since Richard was fraudulently joined to defeat this Court's diversity jurisdiction under 28 U.S.C. § 1332.[21]

Therefore:

**IT IS ORDERED** that the plaintiff's motion to remand be and it is hereby **DENIED**.

---

**14.** Compl. at 15.

**15.** Compl. at 19.

**16.** *See Hicks v. Stone*, 425 So.2d 807, 813 (La. App. 1st Cir.1982), *writ denied*, 429 So.2d 129 (La.1983) (the discharge of an employee does not by itself constitute the publication or communication of words or a statement concerning the plaintiff under Louisiana law).

**17.** 397 So.2d 475 (La.1981).

**18.** *Bazley*, 397 So.2d at 481. The Louisiana Supreme Court also noted that an "intentional tort" has the same meaning as the term "intentional act." *Bazley*, 397 So.2d at 480.

**19.** Because the plaintiff neither alleged that Richard "consciously desired" or was "substan-

tially certain" that his injuries would result from his actions, the Court analyzed the plaintiff's intentional tort cause of action under the least demanding of *Bazley's* two methods of proving intent—i.e. "substantial certainty." *See Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 101 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

**20.** *Keating v. Shell Chem. Co.*, 610 F.2d 328, 332 (5th Cir.1980); *Charkhian v. National Envtl. Testing, Inc.*, 907 F.Supp. 961, 965 (M.D.La.1995).

**21.** Since the Court has found that Richard was fraudulently joined, the plaintiff has no right or cause of action against Richard individually. Thus, the defendants' motion to dismiss Richard under Rule 12(b)(6) is moot. In the alternative, the Court finds, for the reasons set forth above, that the defendant's Rule 12(b)(6) motion should be granted.