593 So.2d 936 (1992)
Lucille C. FARIDNIA
v.
ECOLAB, INC., et al.
No. 91-CA-0838.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
Writ Denied April 3, 1992.
Raymond A. Milly, Metairie, for plaintiff-appellant Lucille C. Faridnia.
*937 Richard S. Vale, Thomas G. Buck, Blue, Williams & Buckley, Metairie, for defendants-appellees Ecolab, Inc. and Employers Ins. of Wausau.
Before KLEES, BYRNES and JONES, JJ.
KLEES, Judge.
Plaintiff, Lucille Faridnia, appeals the district court's dismissal of her suit on a motion for summary judgment. We affirm.
Lucille Faridnia filed suit against Ecolab, Inc., formerly Apest, Inc., and Employers Insurance of Wausau on February 12, 1990 under the "intentional act" exception to the Louisiana worker's Compensation statute. She sought damages alleging that her injuries which occurred over the period of her employment were caused by Ecolab's employees and management knowingly exposing her to toxic and/or hazardous chemicals. Plaintiff alleges, that the chemicals used in pesticides were inadequately stored and dispensed in the workplace, that Ecolab's employees were inadequately trained to handle these hazardous chemicals, and that Ecolab failed to supply warnings and protective gear to its employees. She claims that Ecolab committed these acts knowing or desiring the consequences of her injuries despite her complaints.
Ecolab made a general denial of these allegations asserting that any injuries suffered by the plaintiff were due to her own negligence. Mike Saul, owner of Ecolab, contends in his deposition that storage procedures conformed with government standards and that Ecolab had never received a citation as a result of inspections by the Department of Agriculture through the Structural Pest Control Commission. These inspections were made to ascertain the sufficiency of how the materials were handled and how waste was disposed. Furthermore, Saul testified that company policy prohibited the spraying of pesticides or the storing of pesticides inside the offices and that any testing of equipment done in the office was performed with water.
On January 22, 1991, Ecolab filed a Motion for Summary Judgment which was heard and granted on March 15, 1991. It is from this judgment that Appellant has perfected her appeal.
Plaintiff argues that the trial court erred in granting defendant's motion because there is a genuine issue of material fact on the question of whether the defendant knew that her injuries were substantially certain to result from the manner in which it handled toxic and/or hazardous chemicals in the office place.
A motion for summary judgment is the proper procedure for the employer to object to an employee's general allegations that injuries resulted from an intentional tort. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). Summary Judgment is properly granted when the pleadings, depositions, answers to interrogatories, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Under the Louisiana Worker's Compensation Act, an employee may receive compensation for personal injuries arising out of and in the course of his employment. L.S.A.-R.S. 23:1031. In general, the rights and remedies granted to an employee are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. L.S.A.-R.S. 23:1032. In order to avoid this general rule, the plaintiff must prove that the injury resulted from an "intentional act." L.S.A.-R.S. 23:1032(B); Fabre v. Kaiser Aluminum and Chemical Corp., 499 So.2d 1239, 1240 (La.App. 4th Cir.1986).
The Louisiana Supreme Court, in Bazley v. Tortorich, 397 So.2d 475 (La.1981), gave definition to the term "intentional act" as used in the above mentioned statute:
The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow *938 from his conduct, whatever his desire may be as to that result.
Id. at 481.
To meet the Bazley test, the plaintiff must plead a specific intentional tort. Dycus v. Martin Marietta Corp., 568 So.2d 592 (La.App. 4th Cir.1990); Caudle v. Betts, 512 So.2d 389 (La.1987). The Dycus court in light of Caudle concluded the "substantially certain" test is not an alternative to proving intent, but would be applied only to acts classified as traditional intentional torts such as battery, assault, false imprisonment, etc. Dycus at 594.
The issue presented is whether Ecolab's procedures in storing and handling toxic chemicals were intentional acts which fall under the exception to the compensation act. In the instant case, the plaintiffs pleadings and depositions fall short of substantiating any intent of Ecolab and thus, she fails to meet her burden of proof.
Plaintiff places great weight on the fact that she often complained about Ecolab's testing and storage procedures. However, it is established that the failure to correct unsafe working conditions is insufficient proof of an intentional tort for purposes of L.S.A.-R.S. 23:1032. Dycus at 594 citing Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir. 1987). As illustrated in Hood, an employer's failure to maintain safe working conditions may give rise to conditions "which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur." Id. at 471.
Plaintiff contends that defendants knew that her injuries were "substantially certain" to follow due to their superior knowledge of the effects of chemical exposure obtained through their education and training. However, this court has held that the fact that an employer or its employees should have known that an act could cause harm to the plaintiff is insufficient to prove an intentional tort. Hudson v. Boh Bros. Construction Co., Inc., 573 So.2d 1284 (La.App. 4th Cir.1991). Additionally, the language "substantially certain to follow" requires more than a reasonable probability that an injury will occur; "certain" has been defined to mean "inevitable" or "incapable of failing." Kent v. Jomac Products, Inc., 542 So.2d 99 (La.App. 1st Cir.1989), citing Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir.1987).
Plaintiff's own deposition is inconsistent with her allegations that the defendant's acts were "substantially certain" to cause injury. She testifies that she and Mike Saul together conducted monthly inventories of the chemical storage area. It is unlikely that Mike Saul knew that injury was "substantially certain" to occur from such exposure because he exposed himself to the same chemicals and conditions. Furthermore, the plaintiff refused to use an available respirator because she alleged that the use of the respirator caused her bronchitis.
Three opinions cited by the plaintiff, Williams v. Ingredient Technology Corp., 470 So.2d 283 (La.App. 5th Cir.1985); McDonald v. Gonzales, 479 So.2d 9 (La.App. 5th Cir.1985); and Thorning v. Shell Oil Co., 522 So.2d 558 (La.1988), involve reversals of summary judgment when there were unresolved issues of material fact as to whether the defendant was substantially certain that the injury would result from his actions.
Unlike the petitioners in these cases, the plaintiff fails to raise a material issue of fact as to whether Ecolab's actions were intentional. Plaintiff's allegations that Ecolab knew or should have known that the storage and testing techniques were dangerous and could cause injury are insufficient to establish intent, but rather raise the question of Ecolab's negligence. Because of the exclusive provision of the worker's compensation statute, Ecolab's negligence is not a material issue. Absent any allegations that Ecolab had an active desire to harm Lucille Faridnia, and that injury to her was "substantially certain" to result from her employment, the plaintiff's conclusion statements in her petition do not *939 create a genuine issue of material fact as to an intentional act.
Louisiana jurisprudence illustrates a strict interpretation of the Bazley test by requiring a strong link between the defendant's "intentional" conduct and the plaintiff's injury. This court in Williams v. Favrot Co., Inc., 573 So.2d 533 (La.App. 4th Cir.1991), pointed out that to judicially broaden the intentional tort concept would do serious damage to the exclusivity of the compensation act.
For the foregoing reasons, the decision of the trial court is affirmed.
AFFIRMED.