619 So.2d 746 (1993)
Richard GALLON
v.
VAUGHAN CONTRACTORS, INC.
No. 92-CA-2305.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*747 Stanga & Mustian, William R. Mustian, III, Metairie, for plaintiff-appellant Richard Gallon.
Bienvenu, Foster, Ryan & O'Bannon, Robert N. Ryan, J. Edward Thompson, New Orleans, for defendant-appellee Vaughan Contractors, Inc.
Before KLEES, BYRNES and WALTZER, JJ.
KLEES, Judge.
Plaintiff, Richard Gallon, appeals the dismissal of his lawsuit which was based upon the intentional tort exception to the Louisiana Worker's Compensation Act. The sole issue on appeal is whether plaintiff's injuries resulted from an intentional act under the exception to the exclusivity provision of the Worker's Compensation Act. After reviewing the record and applicable law, we affirm the district court's dismissal.[1]
Richard Gallon, an employee of Tem Laco, Inc., was injured while working on a demolition project under the direction of Vaughan Contractors, Inc., the general contractor on the project. While working on the roof of the building, Richard Gallon allegedly sustained injuries when he fell through an unmarked window opening. Mr. Gallon filed suit against Vaughan for his injuries. Vaughan moved for a summary judgment asserting that because Mr. Gallon was an employee of Vaughan, his actions for recovery are limited to Louisiana's Worker's Compensation Act. In opposing the motion, Mr. Gallon argued that while Vaughan may have established Mr. Gallon's statutory employee status, Vaughan failed to refute the allegations regarding Vaughan's substantial certainty that the accident would occur as a result of Vaughan's inadequate safety precautions. *748 In the supplemental memorandum in support of summary judgment, Vaughan demonstrated that Mr. Gallon failed to support his allegations; and alternatively, even if the facts indicated that Vaughan utilized unsafe procedures, these facts would still be insufficient to allow Mr. Gallon to escape summary judgment. The district court agreed with Vaughan and dismissed Mr. Gallon's suit on summary judgment. It is from this dismissal that Mr. Gallon perfects this appeal alleging that the district court erred in determining that there were no genuine issues of material fact as to whether his injuries resulted from an intentional act by the defendant.
Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, together with affidavits, if any show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966. The Louisiana Supreme Court has held that summary judgment is the proper procedural tool for an employer to counter a plaintiff-employee's allegations that his injuries occurring in the course and scope of his employment resulted from an intentional act. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La. 1984); Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984). Thus, when a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings; his response must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. Art. 967.
Under the worker's compensation scheme, employees have an exclusive remedy against employers for personal injuries arising out of and in the course of their employment. LSA-R.S. 23:1032. However, there is an exception to the exclusive remedy of worker's compensation when the employee's injury was caused by an "intentional act." LSA-R.S. 23:1031(B). "Intentional act," as used in the statute, means "intentional tort." "Intent," has been defined by the Louisiana Supreme Court, to mean "that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). Since the inception of the intentional act exception, Louisiana courts have respected the underlying legislative policy, and thus, narrowly interpreted the exception.
To meet the criteria of the "substantially certain" prong of the Bazley test, jurisprudence requires more than a reasonable probability that an injury will occur; this term has been interpreted as being equivalent to "inevitable," "virtually sure," and "incapable of failing." Additionally, even where a defendant's conduct is grossly negligent, this fact alone will not allow the imputation of intent. King v. Schuylkill Metals Corp., 581 So.2d 300 (La.App. 1st Cir.1991).
In the instant case, Mr. Gallon attempts to avoid the exclusive remedy of the Worker's Compensation Act by alleging that the defendant was "substantially certain" that his injuries would result because the safety rope provided was too long for adequate protection and the skylight opening that he fell through was not adequately marked. Mr. Gallon claims that these allegations raise a material issue of fact as to whether he is entitled to protection under the intentional act exception of the Worker's Compensation Act. LSA-R.S. 23:1032. However, there is no evidence in the record that raises a genuine issue of material fact concerning whether Vaughan or any of its employees committed an intentional act which resulted in Mr. Gallon's injuries, other than Mr. Gallon's own conclusory statements in his petition.
Under Louisiana jurisprudence, the words "intent and/or intentional" and the allegation that the defendants "knew or should have known" that the plaintiff's "injuries were substantially certain to follow" are not talismans which, by mere recital, convert allegations into creditable claims of true intentional torts against an employer, such that workman's compensation is not the exclusive remedy. Taylor v. Metropolitan Erection Co., 496 So.2d 1184, 1186 (La.App. 5th Cir.1986); Davis v. Southern Louisiana Insulations, 539 So.2d 922, 924 *749 (La.App. 4th Cir.1989). Clearly, when this principle is applied to the instant case, Mr. Gallon's allegations that Vaughan was "substantially certain" that his injuries would result does not transform his assertion into an intentional act for purposes of precluding summary judgment.
Furthermore, Mr. Gallon's allegations simply amount to the conclusion that Vaughan was negligent in failing to maintain a safe work place and in failing to correct unsafe conditions. Allegations that Vaughan failed to correct unsafe working conditions is insufficient to prove an intentional act under LSA-R.S. 23:1032(B). Dycus v. Martin Marietta Corp., 568 So.2d 592, 594 (La.App. 4th Cir.1990), citing Hood v. South Louisiana Medical Center, 517 So.2d 469 (La.App. 1st Cir.1987). Hood demonstrates that although an employer's failure to furnish an employee with a safe work place may create a dangerous situation which could make the occurrence of an accident likely, the circumstances must indicate that injury to the plaintiff was inevitable or substantially certain to occur.
Furthermore, this Court has maintained that an employer's failure to provide even specifically requested safety equipment is not an intentional tort for purposes of the exception to the worker's compensation exclusivity rule. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.), writ denied, 415 So.2d 953 (La.1982).
Mr. Gallon's allegations alone do not raise a material issue as to whether Vaughan was guilty of an intentional act within the meaning intended by the exception.
For the foregoing reasons, the judgment of the district court granting Vaughan's motion for summary judgment is affirmed.
AFFIRMED.
WALTZER, J., dissents with written reasons.
WALTZER, Judge, dissents with written reasons.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Supreme Court stated:
"After considering broader penalties that would have provided double benefits for an employer's violation of a safety rule, failure to provide a safety device required by law, or gross negligence on the part of the supervisory employee, which caused injury, death, or disease,... our legislature chose to impose a sanction for intentional wrongs by making the exclusive remedy rule inapplicable to suck acts." at 480. (emphasis added).
So long as we ignore Bazley and follow Dycus v. Martin Marietta Corp., 568 So.2d 592 (La.App. 4th Cir.1990), with all its attendant confusions and inequities, I must respectfully dissent and refer to my dissenting opinion in Armstead v. Boh Brothers Const. Co., Inc., 609 So.2d 965 (La.App. 4th Cir.1992).
NOTES
[1] Fidelity & Casualty Company of New York, intervenor in the above matter, was granted a devolutive appeal in this suit. However, as per Rule 2-12.7Uniform Rules, Court of Appeal, intervenor failed to file a timely brief; additionally, in light of our decision to affirm the district court's dismissal of the plaintiff's suit, intervenor no longer has a basis for its appeal.