**George Rogers CLARK, Jr., et al.**

v.

**EXXON CORPORATION.**

Civ. A. No. 94–124–B–1.

United States District Court, M.D. Louisiana.

Dec. 9, 1994.

Thomas R. Pittenger, Baton Rouge, LA, for plaintiffs.

Robert H. Wood, Jr., New Orleans, LA, for Exxon Corp.

Musa Rahman, Baton Rouge, LA, for La. Workers' Compensation Corp.

### RULING ON MOTION TO AMEND THE COMPLAINT

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on a motion by the plaintiffs for leave to supplement and amend their complaint. The motion is opposed by the defendant, Exxon Corporation.

Pursuant to Rule 15(a), Fed.R.Civ.P., the plaintiffs filed a motion to amend their complaint to assert a claim for punitive damages under Louisiana Civil Code Article 2315.3. Plaintiffs filed the motion for leave to amend shortly after the Louisiana Supreme Court's decision in *Billiot v. B.P. Oil Company*, 645 So.2d 604 (La.1994), but before the court ruled on the defendant's motion for summary judgment.[1] In support of their motion the plaintiffs pointed out that they indicated in the case status report filed May 31, 1994 that they might amend to seek punitive damages under Art. 2315.3. Yet, it was not until *Billiot* was decided that an Art. 2315.3 claim for punitive damages could be asserted against a statutory employer. Plaintiffs also pointed out that this was their first amendment and that they acted promptly after the *Billiot* decision was rendered.

Plaintiffs also contended that the defendant will not be unduly prejudiced by the amendment. Plaintiffs asserted that discovery is not yet complete, that a pretrial conference has not been scheduled, and that the hazardous or toxic nature of the waste water can be easily determined through discovery. Plaintiffs maintained that the amendment only seeks additional damages arising out of facts and circumstances alleged in the original negligence action, and that the award of various elements of damages will be based on a determination of negligence. Finally, the plaintiffs submitted that to recover punitive damages they still must show that the defendant was negligent, and that punitive damages "will be awarded or denied based on the original assertion by Plaintiffs that Exxon was negligent in its actions of February 9, 1993."[2]

Exxon contended that given the plaintiffs' statement in the initial status report, the plaintiffs' delay in bringing the amendment was unnecessary and is only an attempt to undo the court's summary judgment ruling. Exxon also argued that it will be prejudiced because it has conducted its discovery, complied with the court's deadlines and prevailed on its motion for summary judgment, and if the amendment is allowed discovery must be reopened. Additionally, Exxon maintained that to permit the plaintiffs to amend would be futile because the "law of the case" as established by the court's summary judgment ruling is that the plaintiff was engaged in the collection and transportation of non-toxic and non-hazardous waste water. The basis for this argument was that the plaintiffs failed to oppose the undisputed facts as set forth in its motion for summary judgment and one of those facts was that the waste water was not hazardous or toxic.

 Rule 15(a) states that leave to amend shall be freely given when justice so requires. However, leave to amend is not

---

1. The court ordered this motion noticed for hearing and the filing of a supporting memorandum. Record document number 31. The defendant's motion for summary judgment based on the statutory employer defense was granted on November 9, 1994. Record document number 33.

2. Record document number 32. Plaintiffs' memorandum in support, page 6.

granted automatically. *Davis v. United States of America,* 961 F.2d 53, 57 (5th Cir. 1991). In exercising its discretion under Rule 15(a), the court considers a variety of factors such as undue delay, bad faith, undue prejudice to the opposing party and futility of the amendment. *Id.* If a claim or defense is legally insufficient on its face and cannot withstand a motion to dismiss it can be denied as futile. 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1487, pp. 637–43.

■ Exxon's delay and prejudice arguments are unpersuasive. It was not until *Billiot* was decided that the plaintiffs knew that a claim for damages under Art. 2315.3 was available whether or not Exxon prevailed on its statutory employer defense. Also, once Exxon advised of its intention to assert the defense, the court ordered that discovery concentrate on matters relevant to that issue. Record document number 5. Exxon's "law of the case" argument is also incorrect and unpersuasive. Law of the case does not apply in this instance.[3] Moreover, the hazardous or toxic nature of the waste water was not material to the statutory employer issue involved in the summary judgment. The fact that it was not disputed in the context of that motion does not make it a finding of the court and does not limit the court's discretion in considering this motion to amend the complaint.

■ Nevertheless, the plaintiffs' motion to amend to add a claim for punitive damages should not be granted. Assuming *Billiot* remains the law and the plaintiff could prove the waste water was hazardous or toxic,[4] a review of the allegations of the proposed amended complaint shows that the complaint is insufficient and could not withstand a motion to dismiss. Article 2315.3 clearly provides that "exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's **wanton or reckless disregard for public safety** in the storage, handling, or transportation of hazardous or toxic substances." (Emphasis added.) Yet, the plaintiffs alleged that Exxon was liable for punitive damages due to its "wanton reckless disregard for Mr. Clark's safety in the transportation, storage, or handling of hazardous or toxic substances." Plaintiffs' exhibit A, paragraph 10. The statute and jurisprudence state that the defendant's alleged acts and omissions of negligence must be accompanied by a conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow. *Griffin v. Tenneco Oil Company,* 531 So.2d 498, 501 (La.App. 4th 1988).[5] In *Billiot* the Louisiana Supreme Court, discussing the nature of Art. 2315.3, stated that the statute cannot be construed to impose a duty upon the defendant merely to refrain from outrageous conduct resulting in the injury of an individual. Rather, it imposes a duty on the defendant, for the protection of the public, to refrain from wanton or reckless conduct in the handling, transportation or storage of hazardous or toxic substances that endanger the public. *Billiot,* at 617. The allegations of the plaintiffs' amended complaint do not contain any facts from which it could be concluded that the conduct of the defendant endangered the public safety. Plaintiffs alleged that the defendant acted in wanton and reckless disregard for "Mr. Clark's safety." Plaintiffs' exhibit A, paragraph 10. Such allegations do not state a claim under Art. 2315.3.

■ Plaintiffs also argued in their memorandum that they are merely seeking to recover an additional element of damages based on their original claim that Exxon was negligent. Plaintiffs' assertion is without merit. Exemplary damages under Art.

---

**3.** *See, Royal Insurance Co. v. Quinn–L Capital Corp.,* 3 F.3d 877, 880 (5th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994); *Reid v. Rolling Fork,* 979 F.2d 1084, 1087 (5th Cir.1992).

**4.** Plaintiffs did not even allege that the waste water involved was a hazardous or toxic substance within the meaning of Art. 2315.3. In their amendment the plaintiffs alleged that

"chemical waste" was being pumped into the truck. The only mention of hazardous or toxic substances was in paragraph 10 which is merely a conclusory statement that the defendant was liable under Art. 2315.3.

**5.** *See also, Wiltz v. Mobile Oil Exploration & Producing N. Am.,* 702 F.Supp. 607, 608 (W.D.La.1989).

2315.3 are not just another element of damages that may be recovered in a negligence suit. The damages are not authorized unless a plaintiff proves that the misconduct of the defendant was so aggravated or outrageous that it rises to the level of wantonness or recklessness. *Billiot,* at 617. The statute mandates more than alleged acts and omissions of negligence. It is evident that the plaintiffs' argument and allegations amount to nothing more than negligence on the part of Exxon. *See,* plaintiffs' exhibit A, paragraphs 5 through 9. Allowing such an amendment would be futile when the proposed allegations are legally insufficient.

Plaintiffs indicated a need for discovery on the issue of the hazardous or toxic nature of the waste water, but did not indicate that discovery on any other matters was necessary if the punitive damages claim was allowed to go forward. Based on the summary judgment record all the facts surrounding the accident have already been discovered. In these circumstances it would be futile to allow the plaintiffs an opportunity to file another proposed amended complaint since the fully-developed facts regarding the accident clearly show that there would not be a factual basis to support a properly alleged Art. 2315.3 claim.

Accordingly, the motion by the plaintiffs for leave to supplement and amend the complaint is denied.