Bahram CHARKHIAN

v.

NATIONAL ENVIRONMENTAL TESTING, INC.

Civ. A. No. 95–177.

United States District Court, M.D. Louisiana.

July 24, 1995.

No. CIV.A.91–1719, 1991 WL 112013 (E.D.La. June 14, 1991).

E. Scott Hackenberg, Law Office of L.D. Sledge, Baton Rouge, LA, for Bahram Charkhian, Fatemeh Moharrer.

Robert Ellsworth Durgin, James B. Irwin, V, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for National Environmental Testing, Inc.

## RULING ON THE PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This case requires the court to determine whether parties have been fraudulently joined to defeat subject matter jurisdiction under 28 U.S.C. § 1332.

### PROCEDURAL HISTORY

Bahram Charkhian originally filed this suit on December 30, 1994, in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, seeking damages from National Environmental Testing, Inc. ("NET"), a Delaware corporation with its principal place of business in the state of Illinois.[1] Prior to the time the suit was removed to federal court, Charkhian filed a First Supplemental and Amending Petition, which added his wife, Fatemeh Moharrer, as a plaintiff ("plaintiffs"), and named NET Gulfcoast, Inc. ("NET Gulfcoast"), a Texas corporation with its principal place of business in Illinois, and three of Charkhian's co-employees as defendants.[2] The co-employees are residents of Louisiana. None of the defendants have been served with the plaintiffs' First Supplemental and Amending Petition.[3]

NET was served with the original petition on January 20, 1995, and timely removed the suit to this Court on February 6, 1995, on the

---

1. Pls.' Mem. Supp. Mot. Remand Ex. A (Scott Hackenberg Aff. ¶ II); Defs.' Mem. Opp. Mot. Remand Ex. A (Michael Ewers Aff. ¶ 3).

2. Pls.' Mem. Supp. Mot. Remand Ex. A (Scott Hackenberg Aff. ¶¶ III, V & VI); Defs.' Mem. Opp. Mot. Remand Ex. A (Michael Ewers Aff. ¶ 4).

3. As of March 20, 1995, the date the defendants filed their opposition memorandum, the East Baton Rouge Sheriff's Department had not yet served NET Gulfcoast, the only defendant the plaintiffs requested be served with the First Supplemental and Amending Petition. *See also* Pls.' Mem. Supp. Mot. Remand Ex. C ("due diligent" return of service card).

basis of diversity of citizenship under 28 U.S.C. § 1332.[4] The plaintiffs, both Louisiana residents, have now filed a motion to remand on the grounds that complete diversity does not exist since the plaintiffs and the three co-employee defendants are citizens of Louisiana.[5] The defendants contend that removal was proper because the three co-employee defendants were fraudulently joined solely to defeat the Court's subject matter jurisdiction.[6] For the reasons which follow, the court finds that the plaintiffs' motion to remand should be denied.

## FRAUDULENT JOINDER

 The removing party bears the heavy burden of proving fraudulent joinder and that the Court has subject matter jurisdiction to hear the claim.[7] Although it is not within the Court's province to resolve factual disputes regarding matters of substance,[8] the Court is empowered to "pierce the pleadings" to determine whether the non-removing party has a legitimate claim against the non-diverse party under the applicable state law.[9] In addition, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the Court is authorized to consider evidence outside of the pleadings, such as affidavits and depositions accompanying the notice of removal or motion to remand.[10] The standard is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." [11]

Thus, the Court must determine whether the plaintiffs have stated a valid cause of action in tort against Charkhian's three co-employees such that there is any possibility that they could be held liable under Louisiana law for the plaintiffs' injuries.[12]

## APPLICATION

In their First Supplemental and Amending Petition, the plaintiffs allege that the defendants committed intentional torts, or were grossly negligent, in the following ways:

A) Failing to correct an obviously hazardous condition in the organic prep lab which created a high degree of danger to Bahram Charkhian's safety;

B) Failing to uniformly comply with their own safety and testing procedures;

C) Failing to warn Bahram Charkhian of his medical condition and his associated health risks when they had a duty to do so;

D) Knowingly and repeatedly exposing Bahram Charkhian to a hazardous work place, in which toxic chemicals were stored and handled, with full knowledge that such exposure had already caused health problems and had created a high and excessive degree of danger of continuing health risks to him; and

E) Other intentional and grossly negligent acts to be shown at trial.[13]

4. Defs.' Mem. Opp. Mot. Remand at 2.

5. Pls.' Mem. Supp. Mot. Remand Ex. A (Scott Hackenberg Aff. ¶¶ III, IV).

6. Defs.' Mem. Opp. Mot. Remand at 3.

7. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994); Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, — U.S. —, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); Collins v. AAA Rent All, Inc., 812 F.Supp. 642, 643 (M.D.La.1993).

8. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 551 n. 14 (5th Cir.1981).

9. LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir.1992).

10. Carriere, 893 F.2d at 100; B., Inc., 663 F.2d at 549 n. 9.

11. Carriere, 893 F.2d at 100. Stated another way, there is no fraudulent joinder if there is arguably a reasonable basis for predicting that a Louisiana state court might impose liability on the non-diverse defendant under the facts of the case. Jernigan, 989 F.2d at 816.

12. The Court's inquiry is focused solely on whether the plaintiffs have any possibility of recovery against Charkhian's three co-employees since only then would the Court's diversity jurisdiction be destroyed.

13. Pls.' Mot. Supp. Remand Ex. B at 2 (First Supplemental and Amending Petition).

Additionally, the plaintiffs seek exemplary or punitive damages pursuant to Louisiana Civil Code article 2315.3 by virtue of the defendants' alleged intentional torts and/or gross negligence.

The defendants contend that removal was proper because there is simply no possibility that the plaintiffs will recover against the co-employees under any of the allegations set forth in the state court petition. Specifically, the defendants argue that: (1) the plaintiffs' allegations of gross negligence are barred under the exclusive remedy provision of the Louisiana Workers' Compensation Act; (2) there is no evidence in the record to support the plaintiffs' allegations that the three co-employees engaged in intentional acts/torts; and, (3) there is no evidence supporting the plaintiffs' claim for punitive damages under article 2315.3. Each of these arguments will be discussed and analyzed separately.

■ Under the Louisiana Workers' Compensation Act ("Act"), an employee's exclusive remedy against his employer and any co-workers for personal injuries sustained during the course and scope of employment is ordinarily limited to recovering workers' compensation benefits rather than tort damages.[14] However, this immunity from tort actions does not apply when the employee's injuries are the result of an intentional act.[15] In such instances, the Act does nothing to affect or shield the liability of an employer or co-employee. In *Bazley v. Tortorich,*[16] the Louisiana Supreme Court stated that an act is considered intentional whenever it is shown that the defendant either "consciously desired" the physical results of his conduct

or was "substantially certain" that those physical results would follow from his actions.[17]

■ Applying this standard to the plaintiffs' claim of gross negligence, there is clearly no possibility that the plaintiffs can recover from the three co-employees under this theory since claims of negligence are barred by the Act's exclusive remedy provision.

■ Furthermore, a thorough review of the record and jurisprudence convinces the Court that there is no possibility that the plaintiffs can recover against the co-employees at trial under an intentional tort theory.

■ To satisfy the criteria of "substantial certainty," which is a critical element in proving an intentional tort, it is necessary to show more than a reasonable probability that an injury will occur. The term has been interpreted as being equivalent to "inevitable," "virtually sure" and "incapable of failing."[18] For example, Louisiana courts have recognized that the following fact scenarios fall short of establishing that the plaintiff's injuries were inevitable or substantially certain to occur: gross negligence by the defendant;[19] the fact that employers or co-employees should have known that certain conduct or action could result in harm to the plaintiff;[20] an employer's knowledge that a work area is dangerous and makes the occurrence of an accident more likely;[21] an employer's failure to maintain a safe work area or correct unsafe working conditions;[22] and,

14. La.Rev.Stat.Ann. §§ 23:1031 & 1032(A)(1)(a) (West Supp.1995). *See Bazley v. Tortorich,* 397 So.2d 475, 479–80 (La.1981).

15. La.Rev.Stat.Ann. § 23:1032(B) (West Supp. 1995).

16. 397 So.2d 475 (La.1981).

17. *Bazley,* 397 So.2d at 481. The Louisiana Supreme Court also noted that an "intentional tort" has the same meaning as the term "intentional act." *Bazley,* 397 So.2d at 480.

18. *King v. Schuylkill Metals Corp.,* 581 So.2d 300, 302 (La.App. 1st Cir.1991).

19. *Hood v. South Louisiana Medical Ctr.,* 517 So.2d 469, 471 (La.App. 1st Cir.1987).

20. *Faridnia v. Ecolab, Inc.,* 593 So.2d 936, 938 (La. 4th Cir.1992) (*citing Hudson v. Boh Bros. Constr. Co., Inc.,* 573 So.2d 1284 (La.App. 4th Cir.1991)).

21. *Jacobsen v. Southeast Distribs., Inc.,* 413 So.2d 995, 997–98 (La.App. 4th Cir.1982).

22. *See Gallon v. Vaughan Contractors, Inc.,* 619 So.2d 746, 749 (La.App. 4th Cir.1993) (*citing Dycus v. Martin Marietta Corp.,* 568 So.2d 592 (La.App. 4th Cir.1990)).

ordering an employee to work in an unsafe place.[23]

In short, the plaintiffs have done nothing more than simply allege that Charkhian's co-employees committed intentional torts. More importantly, the plaintiffs have failed to introduce any evidence in support of their motion to remand which indicates that the three co-employees were at least substantially certain that Charkhian would be injured as a result of working in the lab area.[24] The fact that two of the three co-employees exposed themselves to essentially the same working conditions is further evidence that it was unlikely that these co-employees knew that Charkhian's injury was "substantially certain" to occur from such exposure.[25]

█ It is well-established under Louisiana jurisprudence that use of the word "intentional" is not a talisman which automatically raises allegations of negligence to the level of intentional tort so that the Act's exclusive remedy in compensation does not apply.[26] Thus, the plaintiffs' mere assertions of intentional acts are insufficient to establish intent. There is no evidence in the record which raises a genuine issue of material fact regarding whether the co-employees committed an intentional act/tort. Therefore, the Court determines that the plaintiffs have no possibility of recovery against the three co-employees based on this theory. The defendants' claim of fraudulent joinder is clearly established on this claim.

█ Finally, the Court finds that the plaintiffs' claim for punitive damages does not require a remand of this case to state court. The plaintiffs merely allege in paragraph 14 of their First Supplemental and Amending Petition that, by virtue of their intentional torts and/or gross negligence, the co-employee defendants are liable for exemplary or punitive damages pursuant to Louisiana Civil Code article 2315.3.[27] Assuming *arguendo* that an employee is permitted to recover punitive damages from a co-employee under the Louisiana Supreme Court's decision in *Billiot v. B.P. Oil Co.*,[28] and that the plaintiffs have sufficiently alleged a cause of action under article 2315.3,[29] the plaintiffs have nonetheless failed to submit any evidence to satisfy the four-part test enunciated by the *Billiot* court to bring such an action.[30]

The defendants have established to the Court's satisfaction that Charkhian's co-employees were fraudulently joined as defendants in an attempt to defeat removal of this suit to federal court. Based on the evidence presented to the Court on the plaintiffs' motion to remand, the motion to remand is denied.

The plaintiffs are reminded of the strict time limitations set forth in Rule 4 of the Federal Rules of Civil Procedure to serve a party. The Court can find no good cause for the plaintiffs delay in serving all defendants with all of the pleadings filed in this case.

---

**23.** See *Redding v. Essex Crane Rental Corp. of Alabama*, 500 So.2d 880, 884 (La.App. 1st Cir. 1986) (*citing McDonald v. Boh Bros. Constr. Co., Inc.*, 397 So.2d 846 (La.App. 4th Cir.1981)). *But see Wainwright v. Moreno's, Inc.*, 602 So.2d 734, 739 (La.App. 3d Cir.1992).

**24.** Because the plaintiffs neither alleged that the defendants "consciously desired" or were "substantially certain" that Charkhian's injuries would result from their actions, the Court analyzed the plaintiffs' intentional tort cause of action under the least demanding of the two *Bazley* methods of proving intent—ie. "substantial certainty." *See Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 101 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

**25.** *Faridnia v. Ecolab, Inc.*, 593 So.2d 936, 938 (La. 4th Cir.1992). *See Defs.' Suppl. Mem. Opp. Mot. Remand Exs. 1 (Dexter Hadnot Aff. ¶ 11) & 2 (Scott Bailey Aff. ¶ 10).

**26.** *Keating v. Shell Chem. Co.*, 610 F.2d 328, 332 (5th Cir.1980). *See also Bankston v. BASF Corp.*, 827 F.Supp. 1239, 1241 (M.D.La.1993) ("Merely using the term 'intentional tort' many times over is not sufficient to allege such a claim."); *Gallon*, 619 So.2d at 748.

**27.** Pls.' Mem. Supp. Mot. Remand Ex. B at 3.

**28.** 645 So.2d 604 (La.1994). The Court is in no way holding or suggesting that *Billiot* applies under the facts of this case.

**29.** *See Clark v. Exxon Corp.*, 159 F.R.D. 26, 28 (M.D.La.1994).

**30.** *See Billiot v. B.P. Oil Co.*, 645 So.2d at 613; La.Civ Code Ann. art. 2315.3 (West Supp.1995).