Ernst HORNSBY, Exie Collins, Edward L. Haynes, Ruthy D. Haynes, Jerry Lewis Sanders, Shirley Broussard Sanders, both individually and as representatives of all persons similarly situated

v.

ALLIEDSIGNAL INC., ABC Ins. Co., Bill Tetreault.

Civil Action No. 96–3347–B–M2.

United States District Court, M.D. Louisiana.

Jan. 15, 1997.

Jules B. Leblanc, III, Charles S. Lambert, Jr., Law Offices of Jules B. Leblanc, Baton Rouge, LA, for Plaintiffs.

John E. Heinrich, Gayla M. Moncla, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Defendants.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

The plaintiffs, have filed a motion to remand this suit to state court for lack of subject matter jurisdiction. For the reasons which follow, plaintiffs' motion to remand is denied.

## FACTUAL & PROCEDURAL HISTORY

On July 1, 1996, Ernest Hornsby, Exie Collins, Edward L. Haynes, Ruthy D. Haynes, Jerry Lewis Sanders and Shirley Broussard Sanders, filed this class action petition in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiffs alleged that they were exposed to hazardous substances as a result of a chemical leak that occurred on June 19, 1996, at the AlliedSignal plant in Baton Rouge, Louisiana. Named as defendants in the suit were AlliedSignal, ABC Insurance Company[2] and Bill Tetreault, the plant manager of the AlliedSignal facility. It is clear that Tetreault and all of the named plaintiffs are citizens of Louisiana. AlliedSignal is a corporation organized under the laws of Delaware with its principal place of business in a state other than Louisiana.

The defendants timely removed this suit to court alleging the federal court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties agree that in order for the federal court to have subject matter jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the plaintiffs

---

1. Plaintiffs' petition was brought "individually and as a representative of all persons similarly situated."

2. Fictitious defendants such as the ABC Insurance Company must be disregarded under the Federal Rules of Civil Procedure.

and the defendants and the amount in controversy exceeds $50,000.[3]

Defendants concede that on the face of the petition complete diversity is lacking in this case. However, the defendants contend that both requirements of 28 U.S.C. § 1332 are satisfied under the facts of this case because Tetreault has been fraudulently joined as a defendant. Defendants argue that since there is complete diversity between the plaintiffs and AlliedSignal, that element of subject matter jurisdiction under section 1332 has been satisfied. Defendants also contend that the requisite jurisdiction amount is present under the facts of this case because of the plaintiffs' demand for jury trial and/or the possibility of recovery of attorney fees.

The plaintiffs seek to have this case remanded to state court. Plaintiffs deny that Tetreault was fraudulently joined as a defendant and allege that they have a viable claim against him as plant manager in this suit. Because there is a possibility that plaintiffs may recover against Tetreault, plaintiffs contend that complete diversity is not present and this case must be remanded to the 19th Judicial District Court.

Thus, the issues before the Court on this motion to remand are: (1) was the plant manager fraudulently joined as a defendant; and (2) is the requisite jurisdictional amount present in this case.

## ANALYSIS

### A. Complete Diversity

#### 1. Statement of the Law on Fraudulent Joinder

The first issue that must be decided in this case is whether Bill Tetreault has been fraudulently joined to defeat complete diversity jurisdiction as required by 28 U.S.C. § 1332.[4] The key inquiry in this case is whether there is any evidence in the record which would establish that plaintiffs have any possibility of recovering under Louisiana law the plant manager of the AlliedSignal facility.

■ A removing party bears a heavy burden of proving fraudulent joinder.[5] The removing party must show that there is no possibility of recovery against the party whose joinder is questioned.[6] The Court must look at all of the factual allegations in the state court petition in the light most favorable to the plaintiff. Moreover, the Court may "pierce the pleadings" to determine whether the non-removing party has a legitimate claim against the non-diverse party under state law.[7] In addition, all disputed questions of fact and all ambiguities in controlling state law must be resolved in favor of

---

3. The 1996 amendment to 28 U.S.C. § 1332 which raised the jurisdiction amount to $75,000 becomes effective on January 17, 1997 and does not apply to this case.

4. This Court has recently decided a number of cases involving the issue of fraudulent joinder: *Alongio v. Southwestern Life*, No. 96–264 (M.D. La.1996); *Sharp v. K-mart*, No. 96–3312 (M.D. La.1996); *Seibert v. Franklin Life Ins. Co.*, No. 96–3287 (M.D.La.1996); *Self v. Great Southern Life Ins. Co.*, No. 96–3191 (M.D.La.1996); *Henderson v. Walgreen Louisiana Co. Inc.*, No. 96–3240 (M.D.La.1996). *See also* Judge John Parker's opinion in *Kimball v. Modern Woodmen of America*, 939 F.Supp. 479 (M.D.La.1996).

5. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.1995); *Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Charkhian v. National Environmental Testing, Inc.*, 907 F.Supp. 961 (M.D.La.1995).

6. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Charkhian*, 907 F.Supp. at 962. Just recently, the Fifth Circuit noted that a court cannot "authorize removal on the basis of fraudulent joinder unless there is no possibility that the plaintiff could state a cause of action against the non-diverse defendants." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746 (5th Cir.1996), (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981)).

7. The Fifth Circuit has consistently held that claims of fraudulent joinder should be resolved in a summary judgment-like procedure. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746 (5th Cir.1996). Courts may consider summary judgment type evidence, such as affidavits and depositions accompanying the motions. *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir.1995); *Carriere*, 893 F.2d at 100; *Charkhian*, 907 F.Supp. at 962.

the plaintiffs. When considering the issue of fraudulent joinder, it is not necessary for the Court to determine whether the plaintiffs will actually prevail on merits. Instead, the Court must look only for a possibility that the plaintiffs might prevail.[8]

### 2. Application—Is there any possibility that the plant manager can be held personally liable in this case?

■ In the instant suit, the plaintiffs contend that they have a viable claim against Bill Tetreault, the plant manager at Allied-Signal at the time of the incident. In their memorandum in support for remand, the plaintiffs set forth several alternative claims which they contend grant them the right to obtain personal recovery against Tetreault. These claims are based on Louisiana Civil Code articles 2317 and 2320, as well as the theory of *res ipsa loquitur*.[9] Both parties cite and rely heavily on the Louisiana Supreme Court case of *Canter v. Koehring Co.*[10] Because this Court agrees that *Canter* applies under the facts of this case, the Court believes it is necessary to discuss the *Canter*-duty established by the Louisiana Supreme Court.

#### (a) Liability for a plant manager under Canter and its progeny

■ The mere fact that Tetreault was employed as the AlliedSignal plant manager during the incident is not sufficient evidence in and of itself to conclude that he may be held personally liable in this case.[11] The circumstances under which a corporate officer or employee can be held individually liable were set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*[12] The Louisiana Supreme Court recognized that individual liability may be imposed on a corporate officer such as a plant manager for a breach of the duty: (1) to exercise due care so as to avoid injury to third persons;[13] or, (2) arising solely because of employment relationship.[14] The Court adopted the following criteria, however, for imposing liability on officers or employees where the duty breached arises solely because of the employment relationship:

1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability *cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance*

---

**8.** *Burden*, 60 F.3d at 217.

**9.** This doctrine is a rule of circumstantial evidence which allows a court to infer a defendant's negligence if the facts indicate that—more probable than not—the defendant caused the injury. *Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La. 1992).

**10.** 283 So.2d 716 (La.1973).

**11.** In their memorandum in support of their motion to remand (p. 5), plaintiffs state:

As the plant manager, Tetreault was charged with the duty to ensure that all employees conduct plant operations and activities in the safest possible manner for the protection of all persons on and around the plant, including residents that live near the chemical plant.

**12.** 283 So.2d 716 (La.1973). In the last few years, the United States Fifth Circuit has cited *Canter* with approval. *See generally Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994); *LeJeune v. Shell Oil Co.*, 950 F.2d 267 (5th Cir.1992).

**13.** *Canter*, 283 So.2d at 722 & n. 7.

**14.** *Canter*, 283 So.2d at 721.

*of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsibility subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non–performance or mal–performance and has nevertheless failed to cure the risk of harm.*[15]

Thus, under Louisiana law, personal liability cannot be imposed on Tetreault simply because he has an administrative responsibility for performance of some function of employment. Tetreault must first have a personal duty towards an injured plaintiff—a breach of which caused plaintiffs' alleged injuries.[16] If this general responsibility has been delegated, Tetreault cannot be held personally at fault unless he personally knew or should have known of the problem and failed to respond.

The Fifth Circuit used this *Canter*-analysis recently in *Ford v. Elsbury*[17], a case very similar to the instant suit. In *Ford*, plaintiffs filed a class suit following an explosion at a fertilizer plant. As in the instant matter, the issue in *Ford* was whether the plant manager was fraudulently joined as a defendant to destroy diversity jurisdiction. The Fifth Circuit held under the facts of that case that the defendants failed to show there was no possibility that plaintiffs could establish a cause of action against the non-diverse defendant and remanded the case.[18]

In *Ford*, the court noted that when liability is sought to be imposed on a plant manager, the determination of liability turns on certain factual issues. The court stated it was important to determine whether the plant manager delegated the responsibility of safe maintenance and operation with due care to others. The Court must also determine whether the plant manager was aware or should have been aware of a risk of harm and failed to respond in the way a reasonably prudent plant manager would have responded.[19] The Fifth Circuit concluded that "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.' "[20]

The *Ford* case is pivotal to the Court's decision today.[21] In reaching its decision, the Ford court considered and relied on the affidavits of the plant manager as well as affidavits of several employees of the plant that contradicted the plant manager' 5 testimony. The plant manager in *Ford* said that the responsibility for safety and maintenance and operations was properly delegated to qualified supervisors.[22] The Ford court also noted that the plant manager's testimony indicated that he had no knowledge of the hazards at that plant. However, the plaintiffs submitted affidavits of employees indicating that management, and particularly the plant manager, knew of the leaks that caused the explosion.[23] Because of the contradicting testimony in the *Ford* case, the Fifth Circuit held that the defendants failed to satisfy their burden to prove that there was no possibility that the plaintiffs could recover from the plant manager which is necessary to establish fraudulent joinder.

The facts before this Court in the instant case, however, are distinguishable from *Ford*.

---

**15.** *Canter*, 283 So.2d at 721 (emphasis added). See also *Ford*, 32 F.3d 931, 935.

**16.** *Canter*, 283 So.2d at 716.

**17.** 32 F.3d 931 (5th Cir.1994).

**18.** *Ford*, 32 F.3d at 939.

**19.** *Ford*, 32 F.3d at 936.

**20.** *Ford*, 32 F.3d at 936 (*citing Hayden v. Phillips Petroleum Co.*, 788 F.Supp. 285, 287 (E.D.La. 1992)).

**21.** Both plaintiffs and defendants cite *Ford* in support for their propositions.

**22.** *Ford*, 32 F.3d at 938.

**23.** Expert affidavits were also submitted indicating that the leak was "highly likely and more probable than not known to the operators of the plant prior to the explosion." *Ford*, 32 F.3d at 939.

In *Ford*, the evidence clearly indicated there was a possibility of recovery because there were several parties who stated that the plant manager knew of the leak in that case. Unlike the plaintiffs in *Ford*, the plaintiffs in this case have failed to produce any evidence whatsoever that indicates Tetreault knew or should have known of the potential problems at the plant. In fact, the evidence now before the Court indicates just the opposite.

Tetreault stated that he had no knowledge of any condition or problem which could cause a release at the plant.[24] In addition, Tetreault's affidavit indicates that as plant manager he did not have any personal duty to inspect plant machinery. Instead, Tetreault stated that this duty was delegated to operating technicians and maintenance personnel who were supervised by plant supervisors and not him.[25] Defendants have produced uncontradicted evidence to indicate that there is no possibility that Tetreault can be held personally liable under the precepts of *Canter*.

The plaintiffs' arguments are conclusory, and they have failed to produce any facts which indicate that they have a possibility of recovering from Tetreault. The plaintiffs contend that as the manager of the plant, Tetreault was "charged with the duty to ensure that all employees conduct facility operations and activities in the safest possible manner"[26] and allege this duty was breached. Quite simply, the plaintiffs want this Court to conclude that merely because Tetreault was a plant manager of a facility that could potentially cause harm to others, the plaintiffs have established that there was a *Canter* duty negating defendants' argument that Tetreault was fraudulent joined. This "analysis" ignores the plain language of *Can-*

ter[27] and would require this Court to also ignore the *Canter* decision which this Court is not willing to do. None of the plaintiffs' allegations arise from a non-managerial duty where Tetreault could be held personally responsible. The fourth criteria of *Canter* makes it clear that personal liability cannot be imposed merely because of general administrative responsibilities.[28] The plaintiffs have not set forth any summary judgment type evidence or any other facts which would establish that there is a possibility of that Tetreault could be held personally liable under *Canter*. The plaintiffs only point to the fact that Tetreault was the plant manager at the time of the incident. *Canter* itself says there must be more before a court can find that there is a possibility of finding personal fault on the part of Tetreault. However, defendants have submitted specific unrefuted evidence which indicates that there is no possibility that plaintiffs can recover against Tetreault under *Canter*.

A court must look beyond plaintiffs, arguments about the facts and examine the specific facts and evidence which have been submitted to the court to determine if there is any possibility of recovery against the plant manager.[29] After carefully examining the facts submitted to this Court in the light most favorably to the plaintiff, this Court finds that there is no possibility that the plaintiffs might prevail against Tetreault personally.

**(b) Liability of a plant manager under Article 2320,2317 and the theory of res ipsa loquitur**

In their motion to remand, the plaintiffs simply declare that they "have stated a viable claim under state law against Tetreault."

---

**24.** *See* Exhibit 1 of defendants memorandum in opposition to remand (hereinafter "Tetreault Affidavit"), ¶¶ 4–6.

**25.** Tetreault Affidavit, ¶ 7.

**26.** Plaintiffs' memorandum in support of motion to remand, p. 5.

**27.** The Louisiana Supreme Court has declared: With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability *cannot be imposed upon the officer, agent or employee simply because of his*

*general administrative responsibility* for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.
*Canter*, 283 So.2d at 721 (emphasis added).

**28.** *Canter*, 283 So.2d at 721.

**29.** *Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir.1995).

After a lengthy discussion of their *Canter*-type theory of liability, the plaintiffs then assert, in the alternative, that Tetreault may be held personally liable under Articles 2320, 2317 and the theory of *res ipsa loquitur*[30].

Article 2320 is a form of vicarious liability which is not at issue in the Court's determination of whether to grant plaintiffs' motion to remand. The Court is only concerned, at this point, whether a viable claim may be made against Tetreault personally and not whether AlliedSignal may be held vicariously liable for the action of its employees.[31] The plaintiffs' memorandum on Article 2320 liability was brief and unclear as to exactly how Article 2320 applied to Tetreault's personal liability. Construing all of the facts and ambiguities in the plaintiffs favor, this Court finds that there is no possibility that plaintiffs will prevail against Tetreault personally under Article 2320.

■ The plaintiffs also rely on Article 2317 as a possible basis of personal recovery from Tetreault. Article 2317 is a form of strict liability that was changed by the 1996 Legislature.[32] The date of the alleged accident in this case was June 19, 1996. The new legislative changes to Article 2317 became effective upon the governor's signature on April 16, 1996. Article 2317.1 was added by the 1996 Legislature and states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect only upon a showing

that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the danger could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care . . .

The Court has already concluded that the evidence presented to the Court on the pending motion shows that Tetreault did not know or should not have known about the problem that would possibly render him liable under *Canter*. The same considerations should be applied in determining liability under Article 2317. This Court finds that even if Articles 2317 and 2317.1 do apply to this type of situation, there is no possibility of recovery against the plant manager because the plaintiffs cannot satisfy the knowledge requirements of Article 2317.1.[33]

■ Plaintiffs next assert that the doctrine of res ipsa loquitur is applicable to the case to establish that Tetreault was negligent in the management and operations of AlliedSignal. The plaintiffs rely on *Spott v. Otis Elevator Co.*[34] to support this theory of recovery. The defendants have shown that Tetreault was not in control of inspection or maintenance and did not know of any potential problems that may have caused the release in question. The evidence and other facts presented to this Court require this Court to conclude that there is no possibility that plaintiff could prove that Tetreault's

---

30. In their petition, the plaintiffs cite La. Civ. Code arts. 667, 668 and 2315.3 in support of their claims against both defendants. The plaintiffs do not address these contentions in their motion regarding Mr. Tetreault's liability, so this Court will not address these and assume that those theories only apply to the other defendants, AlliedSignal and ABC Insurance.

31. In plaintiffs' memorandum in support for remand (p. 5) they argue:
La. Civ.Code art. 2320 provides that an employer is answerable for the damage occasioned by its servant in the exercise of the functions which the servant is employed . . . The supervision and management of the chemical plant is within the course and scope of employment of Defendant Tetreault. The management activities of Defendant Tetreault benefitted his employer, Defendant AlliedSignal. Therefore, Defendant AlliedSignal is vicariously liable for the negligent, torturous conduct of

Defendant Tetreault, i.e., the failure to ensure that the chemical plant did not pose a safety threat to those residents that lived near the chemical plant, under Article 2317 of the Louisiana Civil Code.

32. 1996 Louisiana Legislature, First Extraordinary Session, House Bill 18 (signed April 16, 1996). Louisiana Civil Code articles 660, 667, 2321 and 2322 were amended in this Act and Article 2317.1 was enacted. Section 2 of this Act indicates that it shall become effective upon signature by the governor.

33. This Court does not need to reach the critical preliminary issue of whether Articles 2317 and 2317.1 even apply to this type of case—i.e., whether a plant manager has custody within the meaning of these articles.

34. 601 So.2d 1355, 1362 (La.1992).

negligence caused the plaintiffs' injuries.[35] Merely relying on the fact that Tetreault was the plant manager does not establish there is a possibility of recovery under the theory of *res ipsa loquitur*. Considering the facts in this case and the precepts of the theory of res ipsa loquitur as articulated in *Spott*,[36] this Court finds that there is no possibility for the plaintiffs to prevail personally against Tetreault on this theory.

### B. Jurisdictional Amount

 The plaintiffs have specifically alleged that their individual claims do not exceed the $50,000 jurisdictional amount. Therefore, the defendants have the burden of proving that the requisite jurisdictional amount is present in this case.[37] The defendants argue that the plaintiffs have filed a class action suit that enables plaintiffs to recover attorneys fees in this case.[38] Since it is clear that plaintiffs seek attorneys fees in this case, the Court finds that the requisite jurisdictional amount is present for the reasons set forth by this Court in *Brooks v. Georgia Gulf Corp.*[39] Therefore, the Court finds that the defendants have established the Court has subject matter jurisdiction under 28 U.S.C. § 1332.[40]

### CONCLUSION

This Court finds that Tetreault was fraudulently joined as a defendant to destroy diversity jurisdiction. The Court further finds that there is no possibility that plaintiff could recover against him under Louisiana law and the facts of this case. Therefore, Tetreault shall be dismissed as a defendant in this case. Since there is complete diversity between the remaining parties in this case and since this Court finds that the jurisdictional amount is satisfied, subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is present in this case. Because the Court has subject matter jurisdiction, plaintiffs' motion to remand must be denied.

Therefore:

**IT IS ORDERED** that plaintiffs' motion to remand be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Bill Tetreault be and he is dismissed as a defendant in this case for the reasons set forth above.

---

**35.** *See generally Spott*, 601 So.2d 1355; *Cangelosi v. Our Lady of the Lake Regional Medical Ctr.*, 564 So.2d 654 (La.1990).

**36.** In *Spott*, the court set forth three requirements that must be met in order for res ipsa to apply:
1) the circumstances surrounding the accident are so unusual that, in that absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on the defendant's part.

*Spott*, 601 So.2d at 1362.

**37.** *See generally De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir.1993) (*"De Aguilar I"*) (citing *Gaus v. Miles Inc.*, 980 F.2d 564, 567 (9th Cir.1992)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), cert. denied, — U.S. —, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) (*"De Aguilar II"*).

**38.** La.Code of Civ. Pro. art. 595.

**39.** 924 F.Supp. 739 (M.D.La.1996).

**40.** *See generally In re Abbott Laboratories*, 51 F.3d 524 (5th Cir.1995).